IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 6 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| MANUEL GONZALES, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:19-V-509-A |
| § | (NO. 4:17-CR-157-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Manuel Gonzales, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:17-CR-157-A, styled "United States of America v. Cameron Miles Baker, et al.," the court has concluded that the motion should be denied.[1]

I.

Background

Information contained in the record of the underlying

---

[1] The court notes that movant submitted, along with his motion under § 2255 and memorandum in support, a document titled "Motion to Expand the Record." The document referred to an attached exhibit, but there was none. It is apparent that movant intended to attach his declaration, which was instead attached to the form § 2255 motion. The court has considered all of the materials submitted by movant, even though the documents he submitted do not bear original signatures, but only type-written ones.

criminal case discloses the following:

On September 20, 2017, movant was named along with others in a one-count information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[2] 80. On October 3, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 94. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 96. They also signed a waiver of indictment. CR Doc. 95. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his

---

[2]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-157-A.

counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 205.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 118, ¶ 27. He received a 2-level increase for possession of a dangerous weapon, id. ¶ 28, a 2-level increase for maintaining a premises for distributing a controlled substance, id. ¶ 29, a 3-level increase for being a manager or supervisor, id. ¶ 31, and a 2-level and a 1-level decrease for acceptance of responsibility, id. ¶¶ 35, 36. Based on his total offense level of 38 and criminal history category of VI, movant's guideline range was 360 months to life. However, the statutorily authorized maximum sentence was 40 years, so the guideline range became 360 to 480 months. Id. ¶ 101.

Movant filed objections to the PSR, to which the government responded. CR Doc. 131. The probation officer prepared an addendum to the PSR rejecting movant's objections. CR Doc. 145. Movant again objected and the government filed a response to his objections. CR Doc. 163. The probation officer prepared a second addendum to the PSR, again rejecting movant's objections. CR Doc. 166.

On February 2, 2018, movant and his counsel appeared for sentencing. CR Doc. 175. Movant persisted in his objection to the drug quantity attributed to him. CR Doc. 206 at 4. The government presented evidence; movant did not. The court overruled the objection and sentenced movant to a term of imprisonment of 420 months. Id.; CR Doc. 178. Movant appealed, CR Doc. 198, and his sentence was affirmed. United States v. Gonzales, 751 F. App'x 586 (5th Cir. 2019).

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion, worded as follows:

> **GROUND ONE:** Mr. Gonzales' Plea was not Knowingly, Intelligently and Voluntarily Entered as a Result of ineffective Assistance of Counsel

Doc.[3] 1 at PageID[4] 4.

> **GROUND TWO:** Mr. Gonzales was Denied the Effective Assistance of Counsel in Preparation for and at Sentencing by Counsel's Failure to Develop & Present Available Evidence in Support of PSR Objections

Id. at PageID 5.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the page numbers on the printed form are not the actual page numbers of the document and the document has additional, unnumbered, pages attached.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first ground, movant asserts that his plea was not knowing, intelligent, or voluntary. Doc. 1 at PageID 4. In support of this contention, he refers to his memorandum and declaration. Id. In the memorandum, he contends that his attorney advised him that he faced a sentence of 15 to 20 years' imprisonment. Doc. 2 at 7-13. His declaration reiterates that he pleaded guilty because his attorney assured him that he would be sentenced to "between 15 and 20 years' imprisonment." Doc. 1 at PageID 15. Of course, this contention flies in the face of movant's sworn testimony in open court at his arraignment. Solemn declarations under oath carry a strong presumption of verity and movant's conclusory allegations are insufficient to overcome them. Blackledge v. Allison, 431 U.S. 63, 74 (1977). In order to prevail on the basis of alleged promises inconsistent with the

7

representations he made in open court, movant must prove: "(1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitnesses to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant makes no attempt to meet this burden. As the court determined, movant's plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

In his second ground, movant argues that his counsel rendered ineffective assistance at sentencing by failing to develop and present available evidence in support of his PSR objections. Doc. 1 at PageID 5. In his memorandum, he addresses drug weight and role in the offense. Doc. 2 at 14-19. He says that counsel was deficient for failing to present evidence that Jessica Ward's PSR did not hold her responsible for the drug weight for which movant was held responsible. Id. at 18. He does not explain what possible relevance that could have in this case. As the PSR makes clear, movant engaged in numerous drug transactions. That he and a co-defendant were held responsible for different amounts of drugs is not unexpected. As the appellate court noted, the court's calculation of the quantity of drugs involved in an offense is a factual determination. United

States v. Gonzales, 751 F. App'x at 587. Here, as on appeal, movant has failed to provide any plausible reason for the court to have doubted the accuracy of the PSR.

Finally, movant says that his counsel should have called Annette Ward as a witness at sentencing, as she was prepared to testify that she was not directed by movant but considered herself a partner in the drug distribution venture. Doc. 2 at 19. In support of this allegation, movant simply declares: "I never directed Annette Ward to act on my behalf." Doc. 1 at PageID 16. As the government notes, "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of [] strategy, and because allegations of what a witness would have testified are largely speculative." Doc. 8 at 11 (quoting Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)). Movant's conclusory allegations are insufficient to meet his burden. See Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009)(movant must demonstrate that the witness was available to testify and would have done so and set out the content of the proposed testimony to show that it would have been favorable to him); Bray v. Quarterman, 265 F. App'x 296, 298 (5th Cir. 2008)(movant must demonstrate a reasonable probability that the uncalled witness would have made a difference to the result). As the Fifth Circuit determined, movant was properly assessed the

three-level increase due to his role in the offense. United States v. Gonzales, 751 F. App'x at 586-87.

V.

Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 6, 2019.

_____
JOHN McBRYDE
United States District Judge